UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DAVID MOJICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KUSTOM US, INC.,<br><br>　　　　　Defendant. | No. 2:24-cv-03671-DAD-AC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>(Doc. No. 3) |

This matter is before the court on defendant's motion to compel arbitration. (Doc. No. 3.) For the reasons explained below, the court will grant defendant's motion.

**BACKGROUND**

Plaintiff Juan David Mojica brings this action against his former employer, defendant Kustom US, Inc. (Doc. No. 1-2.) Based upon the allegations of his complaint, plaintiff asserts three claims arising under California state law: (1) retaliation; (2) wrongful termination; and (3) intentional infliction of emotional distress. (*Id.* at ¶¶ 23–57.) Defendant moves to compel arbitration of plaintiff's claims based upon the parties' Mutual Agreement to Arbitrate, which plaintiff signed during his employment with defendant. (Doc. No. 3-2 at 5–9.)

Defendant filed its motion to compel arbitration on April 4, 2025. (Doc. No. 3.) On April 21, 2025, plaintiff filed his opposition to the motion. (Doc. No. 7.) On May 1, 2025, defendant filed its reply thereto. (Doc. No. 8.)

1

**LEGAL STANDARD**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. There is generally a "liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 504 (2018). The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them. 9 U.S.C. § 4. In considering a motion to compel arbitration, the "court's role under the [FAA] . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *Godun v. JustAnswer LLC*, 135 F.4th 699, 708 (9th Cir. 2025); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). "When deciding a motion to compel arbitration, a district court must treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the non-moving party." *Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917, 922 (N.D. Cal. 2023) (internal quotation marks and citation omitted); *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) ("The summary judgment standard is appropriate because the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.") (internal quotation marks and citation omitted).

**ANALYSIS**

Defendant argues that the parties' arbitration agreement contains a delegation clause, which requires the parties to submit the question of the arbitrability of plaintiff's claims to an arbitrator. (Doc. No. 3 at 12–13.) Plaintiff does not contest the existence of the arbitration agreement or the delegation clause, nor does he contest that he signed the agreement. Instead,

2

plaintiff argues that there was a lack of mutual consent because defendant threatened to terminate him if he didn't sign, he signed the arbitration agreement under economic duress, the agreement is unconscionable, and the delegation clause is substantively unconscionable because it forces plaintiff to pay arbitration costs in order to challenge the validity of the arbitration agreement. (Doc. No. 7 at 5–9.)

"[P]arties are free to delegate the adjudication of the gateway questions to the arbitrator, so long as they do so 'clearly and unmistakably.'" *Acosta v. Brave Quest Corp.*, 733 F. Supp. 3d 920, 926 (C.D. Cal. 2024) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so.'" *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011)). Here, the arbitration agreement contains clear and unmistakable evidence of an agreement between the parties to arbitrate arbitrability when it states that "[t]he Parties understand and agree that any dispute as to the arbitrability of a particular issue or claim pursuant to this Agreement is to be resolved in arbitration, by the Arbitrator." (Doc. No. 3-2 at 7.)

### 1. Mutual Consent

"[T]he issues reserved to the courts for decision 'always include' whether an arbitration agreement was formed, even in the presence of a delegation clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022) (citation omitted). "To take the question of contract formation away from the courts would essentially force parties into arbitration when the parties dispute whether they ever consented to arbitrate anything in the first place." *Id.* (citation omitted). As such, plaintiff's argument regarding the purported absence of mutual consent must be addressed by this court on the merits.

Plaintiff argues that the arbitration agreement is unenforceable due to a lack of mutual consent because he was purportedly threatened with "repercussions" (i.e., termination) if he did not sign the agreement and had witnessed defendant terminating other non-signatories, and that his consent obtained under such circumstances was not voluntary. (Doc. No. 7 at 7.)  "As a

3

threshold condition for contract formation, there must be an objective manifestation of voluntary, mutual assent." *Lemberg v. LuLaRoe, LLC*, No. 17-cv-02102-AB-SHK, 2018 WL 6927844, at *3 (C.D. Cal. Apr. 17, 2018) (citation omitted); *see also Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 488 (9th Cir. 2023) ("It is a basic principle of contract law that a contract is not enforceable unless there is mutual, voluntary consent."). However, even when a plaintiff-employee is "forced to sign the Arbitration Agreement to keep [their] job[,]" such pressure "does not render the agreement unenforceable on grounds of coercion or for lack of voluntariness." *Seybert v. CHLN, Inc.*, No. 3:20-cv-02529-H-KSC, 2021 WL 948800, at *4 (S.D. Cal. Mar. 11, 2021) (citation omitted); *see also Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010) (applying California state law); *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1129 (1999) ("[T]he compulsory nature of a predispute arbitration agreement does not render the agreement unenforceable on grounds of coercion or for lack of voluntariness.").[1] Therefore, plaintiff's argument that he did not enter the agreement voluntarily because he was forced to sign the arbitration agreement to keep his job is unavailing.

       2.    <u>Economic Duress and Unconscionability Regarding the Arbitration Agreement as a Whole</u>

"When considering an unconscionability [or other enforceability-related] challenge to a delegation provision, the court must consider only arguments 'specific to the delegation

---

[1] The court notes that while such circumstances do not establish a lack of voluntariness, they are relevant to a different inquiry—whether the arbitration agreement is unenforceable as unconscionable. Where an employer defendant requires the plaintiff employee to sign a standard form arbitration agreement to begin their employment with the defendant or to retain their existing employment with the defendant, the arbitration agreement is procedurally unconscionable. *See Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1090 (9th Cir. 2024) ("'In both the prehiring and posthiring settings, courts must be "particularly attuned" to the danger of oppression and overreaching.' When an employer makes signing an agreement a condition of applying for employment, 'the economic pressure exerted . . . on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement.'") (citations omitted); *see also Orihuela-Knott v. Salvation Army*, No. 2:18-cv-01060-KJM-DB, 2018 WL 6817844, at *2 (E.D. Cal. Aug. 21, 2018) ("This evidence shows the Salvation Army forced plaintiffs to choose between signing the agreement or losing their jobs, signifying procedural unconscionability.").

1 provision.'" *Mohamed*, 848 F.3d at 1210 (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63,
2 73 (2010)). Plaintiff's general arguments regarding economic duress and unconscionability as to
3 the arbitration agreement as a whole are therefore also unavailing. *Rent-A-Ctr.*, 561 U.S. at 74
4 ("It may be that had Jackson challenged the delegation provision by arguing that these common
5 procedures *as applied* to the delegation provision rendered *that provision* unconscionable, the
6 challenge should have been considered by the court. . . . Jackson, however, did not make any
7 arguments specific to the delegation provision; he argued that the fee-sharing and discovery
8 procedures rendered the *entire* Agreement invalid."); *see also Christian v. Pressed Juicery, Inc.*,
9 No. 2:20-cv-10919-AB-JC, 2021 WL 4771801, at *5 (C.D. Cal. Apr. 23, 2021) ("Plaintiff fails to
10 explain how the delegation clause could be the product of economic duress, and fails to show how
11 the terms of the delegation clause (as opposed to the Arbitration Agreement as a whole) are
12 substantively unconscionable."); *Felter v. Dell Techs., Inc.*, No. 21-cv-04187-VC, 2022 WL
13 3010173, at *2 (N.D. Cal. July 29, 2022) ("Perhaps the fee could also support an argument for
14 economic duress. . . . But the arbitration agreement clearly delegates these questions to the
15 arbitrator.").

        3.    <u>Unconscionability of the Delegation Clause</u>

17         Finally, plaintiff argues that the delegation clause is unconscionable because it forces
18 plaintiff to pay arbitration costs just to challenge the validity of the arbitration agreement. (Doc.
19 No. 7 at 9.) Fee provisions may be unconscionable "as applied to the delegation clause," for
20 instance where arbitration fees are "split between the parties," a venue provision requires travel to
21 the arbitration, and the financial condition of the plaintiff is such that these requirements are cost-
22 prohibitive. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1003 (9th Cir. 2021). Arbitration costs
23 are also impermissible where they are unique to the arbitration context such that they would not
24 have arisen if the plaintiff's claims were brought in court. *Id.*
25         Here, the arbitration agreement provides as follows regarding fees:

> Employee is responsible for paying the JAMS filing or administrative fee, up to the equivalent amount of the initial filing Employee would have paid to file an action in court. [T]he Company will pay any other JAMS administrative fees, arbitrator's fees, and any additional fees unique to arbitration within 30 days after the due

5

>    date of such fees. Each Party will pay its own costs and attorneys' fees, if any.  However, if any Party prevails on a statutory claim which affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the Arbitrator may award reasonable attorneys' fees and costs to the prevailing party.  Disputes as to the reasonableness of fee/cost will be resolved by the Arbitrator.

(Doc. No. 3-2 at 7.)  Plaintiff has provided the court with no indication of his financial position, and as such the court cannot conclude that an administrative fee up to the equivalent amount of the initial filing fee the employee would have paid to file an action in court would be cost-prohibitive.  Further, because the fee to file in court is identical to the administrative fee plaintiff must pay to arbitrate, the agreement does not, in this regard, "impermissibly impose[] a type of expense that [plaintiff] would not be required to bear if he were free to bring the action in court." *Lim*, 8 F.4th at 1003 (citation omitted) (cleaned up).  Accordingly, the administrative fee plaintiff must pay under the arbitration agreement is not substantively unconscionable as applied to the delegation cause.  *See Longboy v. Pinnacle Prop. Mgmt. Servs., LLC*, 718 F. Supp. 3d 1004, 1017 (N.D. Cal. 2024) ("Longboy has not shown that arbitration would be prohibitively expensive or that it requires that he pay different types of fees or higher fees than would be required in court. . . . Accordingly, the $50 filing fee does not support a finding of substantive unconscionability.").

A "provision permitting an award of attorney's fees to the prevailing party [can be] substantively unconscionable under California law" as applied to a delegation clause.  *Lim*, 9 F.4th at 1003.  However, here any award of attorney's fees following arbitration is limited to where a statute affords the prevailing party an award of attorney's fees or where the parties enter into a written agreement.  Because attorney's fees would be available in court under these same circumstances, the arbitration agreement's provision for attorney's fees is not substantively unconscionable.  *See Muhammad v. Battle-Tested Strategies, LLC*, No. 2:21-cv-07225-VAP-JPR, 2021 WL 6298348, at *5 (C.D. Cal. Dec. 2, 2021) ("[T]he Agreement states that: 'If any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the party can recover attorneys' fees and costs to the same extent as if the claim had been brought in court.'  The Court does not find that the attorney's fees provision is substantively unconscionable.") (citation omitted);

6

1  *Zamudio v. Aerotek, Inc.*, 733 F. Supp. 3d 931, 945 (E.D. Cal. 2024) ("In this case, the arbitration

2  agreement does not allow for award for attorneys' fees unless otherwise authorized by the statute

3  at issue.  The cost provision in the arbitration agreement is consistent with the California Supreme

4  Court's mandate in *Armendariz* [*v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)],

5  as it does not impose any expense beyond what a party would be required to bear if she were free

6  to bring the action in court."); *Nickless-Purcell v. RMR Grp., LLC*, No. 24-cv-01718-BAS-DTF,

7  2025 WL 2770638, at *5 (S.D. Cal. Sept. 29, 2025) ("This Arbitration Agreement does not award

8  fees according to the prevailing party.  Instead, the arbitrator can award attorney's fees 'only if'

9  required by law or when demanded by an unconscionability analysis under state law. . . .

10 [L]imiting attorney's fees to the boundaries of state law is substantively acceptable[.]"); *cf. Lim*, 8

11 F.4th at 1003 ("Importantly, Lim would not face that risk in federal court because California

12 public policy 'unequivocally prohibits an employer from recovering attorney fees for defending a

13 wage and hour claim.'") (citation omitted).

14     Because plaintiff has failed to demonstrate that the fee provision in this arbitration

15 agreement is substantively unconscionable as applied to the delegation clause, and a finding of

16 substantive unconscionability is required to find unconscionability, the court need not examine

17 the question of procedural unconscionability in order to reject plaintiff's argument that the

18 delegation provision is unconscionable and unenforceable.  *See Armendariz*, 24 Cal. 4th at 114

19 (noting that procedural and substantive unconscionability "must both be present in order for a

20 court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of

21 unconscionability") (citation omitted).

22     Having addressed each of plaintiff's arguments in opposition to defendant's motion, the

23 court will delegate the arbitrability question to the arbitrator.

## CONCLUSION

25     For the reasons explained above:

26     1.     Defendant's motion to compel arbitration (Doc. No. 3) is GRANTED and

27         plaintiff's individual claims are compelled to arbitration, where the arbitrator shall

28         determine threshold questions of arbitrability;

2. Plaintiff and defendant are required to notify the court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision;

3. This action is STAYED pending the completion of arbitration; and

4. Because the action is now stayed pending the completion of arbitration, all currently calendared dates in this case are VACATED.

IT IS SO ORDERED.

Dated: **December 19, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE